IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| TRAVIS PARKER VANSCOY,<br><br>    Plaintiff,<br>v.<br><br>CAROLYN COLVIN,<br>Acting Commissioner of the<br>Social Security Administration,<br><br>    Defendant. | No. 4:24-cv-00719-JJV |

**MEMORANDUM AND ORDER**

**I.    BACKGROUND**

Plaintiff, Travis Vanscoy, appeals the final decision of the Commissioner of the Social Security Administration denying his claim for disability insurance benefits and supplemental security income. Both parties have submitted briefs, and the case is ready for a decision.[1]

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3

---

[1] Plaintiff also filed a Reply brief.

F.3d 1210, 1213 (8th Cir. 1993).  After careful review of the record in this matter, I find the Commissioner's decision is supported by substantial evidence and this matter should be DISMISSED.

Plaintiff is young – only thirty-two years old at the time of the administrative hearing. (Tr. 117.)  He has a high school education (*Id.*) and past relevant work as an assembler and store laborer. (Tr. 22.)

Although Plaintiff had worked after his alleged February 2017 onset date, the Administrative Law Judge[2] (ALJ) found there had been a continuous 12-month period during which Plaintiff did not engage in substantial gainful activity.  (Tr. 13-14.)  The ALJ determined Mr. Vanscoy had "severe" impairments in the form of degenerative joint disease, degenerative disc disease, mood disorder with anxiety, and autism spectrum disorder. (*Id.*)  However, he found Plaintiff did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[3] (Tr. 14-16.)

The ALJ assessed that Mr. Vanscoy had the residual functional capacity ("RFC") to perform a full range of light work with only occasional stopping, crouching, climbing, kneeling, balancing, and crawling.  (Tr. 16.)  The ALJ further assessed, "Mentally, this individual can perform simple, routine, and repetitive tasks but is limited to only occasional interaction with the public." (*Id.*)

---

[2] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[3] 220 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

Given his RFC assessment, the ALJ concluded that Plaintiff was unable to perform any of his past relevant work. (Tr. 22-23.) Therefore, the ALJ utilized the services of a vocational expert to determine if jobs existed in significant numbers that Plaintiff could perform despite his impairments. (Tr. 135-141.) Based on a set of hypothetical questions posed to the vocational expert, the ALJ concluded Plaintiff could perform the jobs of cleaner, office helper, and marker. (Tr. 23.) Accordingly, the ALJ determined Mr. Vanscoy was not disabled. (Tr. 24.)

## II.    ANALYSIS

Plaintiff argues, *inter alia,* that the ALJ failed to account for the "total limiting effects" of his impairments. (Doc. No. 8 at 3-15.) He says, "Critical to Plaintiff's assignment of errors is the requirement that an ALJ must always account for the "total limiting effects" of a claimant's severe impairments in crafting an accurate RFC." (*Id*. at 3.) Plaintiff further says the ALJ must also consider his "self-described limitations when assessing the 'total limiting effects' of his impairments." (*Id*. at 4.) But it appears the disagreement mainly comes down to whether Mr. Vanscoy "can perform simple, routine, and repetitive tasks but is limited to only occasional interaction with the public." Plaintiff argues, "This does not even begin to address the full and complicated extent of his social limitations as described by all four mental health specialists." (*Id*. at 12.)

The Commissioner counters, "The RFC limitation to simple, routine, and repetitive work (Tr. 16) reasonably aligned with and accounted for the consultants' limitation to simple, direct, and concrete supervision. And the RFC limitation to only occasional interaction with the public (Tr. 16) reasonably accounted for the consultants' limitation to incidental interpersonal contact." (Doc. No. 10 at 10-11.)

Although Plaintiff undoubtedly suffers from some degree of mental limitation, substantial evidence supports the ALJ's determination that he could perform simple, routine, and repetitive

3

tasks with only occasional interaction with the public.

Plaintiff has serious diagnoses. But the ALJ properly focused on Plaintiff's ability to function rather than focusing on his diagnoses. A mental disturbance is not disabling per se; there must be a functional loss establishing an inability to engage in substantial gainful activity before disability occurs. *Trenary v. Bowen*, 898 F.2d 1361, 1364 (8th Cir. 1990).

Plaintiff has largely submitted subjective complaints of his mental impairments. Proof of a disabling impairment must be supported by at least some objective medical evidence. *Marolf v. Sullivan*, 981 F.2d 976, 978 (8th Cir. 1992).

This record contains numerous treatment notes that I find support the ALJ's RFC assessment. (Tr. 67-81, 162-206, 451-561, 646-656, 872-888, 903-904.) And while I realize Plaintiff disagrees, I find the state agency consulting doctors opinions to support the ALJ's RFC assessment. For example, Brian O'Sullivan, Ph.D. concluded, "The claimant retains the capacity for work where interpersonal contact is incidental to work performed, e.g. assembly work; complexity of tasks is learned and performed by rote, few variables, little judgment; supervision required is simple, direct and concrete." (Tr. 166.) Upon a review of the Dictionary of Occupational Titles, the jobs of marker and cleaner certainly fit here.

The most recent treatment notes from the same month date of the decision also support the ALJ's RFC assessment. Panna Bhattacharyya, M.D. saw Plaintiff on November 22, 2023, and his examination fails to show anything disabling. (Tr. 38-40.) He reported Mr. Vanscoy's mental status as being "[Alert and Oriented to Person, Place, and Time], no aphasia, no dysarthria, speech with normal fluency, intact naming and repetition." (Tr. 39.)

Accordingly, I simply find no reversible error. The ALJ's RFC assessment is supported by substantial evidence.

Plaintiff also believes the ALJ incorrectly discounted the opinion of Mark Thomas, LCSW. Mr. Thomas provided a Treating Source Statement – Mental whereby he concludes Plaintiff is extremely limited. (Tr. 72-733.) If found to be persuasive, Mr. Vanscoy would be disabled. Rather, the ALJ found this Statement to be unpersuasive and said:

> Mr. Thomas' opinion of the claimant's limitations are not fully consistent with his treatment notes. He noted the claimant made mild or minimal process throughout his treatment history. Mr. Thomas also noted no cognitive problems or bizarre thought content (Ex. B2F, B9F). While Mr. Thomas indicated some moderate limitations, his opinion about marked limitations are not reported in the record or supported by the claimant's reports. This opinion is far more restrictive than is supported by the record.

(Tr. 21.)

I agree. Additionally, given the other doctors' opinions, including the findings of Kenneth Hobby, Ph.D., (Tr. 646-656) Brian O'Sullivan, Ph.D., and Brad Williams, Ph.D. (Tr. 162-206), the ALJ's conclusions are well supported by substantial evidence.

Plaintiff has advanced other arguments I have considered and find to be without merit. Counsel for both sides have done exemplary work on behalf of their respective clients. But the overall medical evidence provides substantial support for the ALJ's determination that Mr. Vanscoy is not disabled.

It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this

case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

## III.   CONCLUSION

IT IS, ORDERED that the final decision of the Commissioner is affirmed, and Plaintiff's Complaint is dismissed with prejudice.

DATED this 20th day of December 2024.

_____
JOE J. VOLPE